**Electronically Filed
Intermediate Court of Appeals
30374
10-MAY-2012
08:42 AM**

NO. 30374

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee/Cross-Appellant, v.
BARDWELL JOSEPH EBERLY, Defendant-Appellant/Cross-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 06-1-1359 and CRIMINAL NO. 08-1-1565)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Bardwell Joseph Eberly (**Eberly**)
appeals from (1) the Judgment of Conviction and Sentence (**06-1-
1359 Judgment**) filed on February 2, 2010, in the Circuit Court of
the First Circuit (**Circuit Court**), in Cr. No. 06-1-1359, and (2)
the Judgment of Conviction and Sentence (**08-1-1565 Judgment**)
filed on the same date, in Cr. No. 08-1-1565 (collectively,
**Judgments**).[1] The cases were consolidated on appeal.

On July 11, 2006, a Felony Information was filed in Cr.
No. 06-1-1359 charging Eberly with: (1) Count 1 - Unauthorized
Control of Propelled Vehicle, in violation of Hawaii Revised
Statutes (**HRS**) § 708-836 (**UCPV**); (2) Count 2 - Promoting a
Dangerous Drug in the 3rd Degree, in violation of HRS § 712-1243
(**Promoting 3rd**), stemming from Eberly's knowing possession of
methamphetamine; (3) Count 3 - Unlawful Use of Drug

---

[1] The Honorable Michael A. Town presided in both cases.

Paraphernalia, in violation of HRS § 329-43.5(a) (**Drug Paraphernalia**); and (4) Count 4 - Promoting 3rd, stemming from Eberly's knowing possession of cocaine. The offenses charged in Cr. No. 06-1-1359 were committed on or about July 5, 2006.

During the pendency of Cr. No. 06-1-1359, Eberly was released to a residential substance abuse treatment program. However, in February 2008, Eberly was terminated from the program after he tested positive for cocaine and left the facility. A bench warrant was issued for his arrest.

On October 6, 2008, a Felony Information was filed in Cr. No. 08-1-1565 charging Eberly with: (1) Count 1 - Promoting 3rd, stemming from Eberly's knowing possession of cocaine; and (2) Drug Paraphernalia. The offenses charged in Cr. No. 08-1-1565 were committed on October 2, 2008, the date upon which Eberly was arrested on the outstanding bench warrant.

On October 29, 2009, Eberly changed his plea from not guilty to guilty in both cases. Eberly moved for and was granted supervised release to a drug treatment facility. The State filed motions for sentencing of a repeat offender in both cases and for an extended term in the Cr. No. 08-1-1565.

The Circuit Court sentenced Eberly to a five-year term of incarceration as to each count in Cr. No. 06-1-1359, sentences to be served concurrently with each other and the sentences in Cr. No. 08-1-1656, and a mandatory minimum term of imprisonment of one year and eight months for Count 1, UCPV, with credit for time served. The court sentenced him to five years of incarceration as to each count in 08-1-1565, sentences to be served concurrently with each other and the sentences in Cr. No. 06-1-1359, with credit for time served.

On appeal, Eberly contends that the Circuit Court erred by sentencing Eberly as a repeat offender notwithstanding the court's statement, in its conclusion of law, that Eberly was

qualified as a "first time drug offender" under HRS § 706-622.5 (Supp. 2008).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Eberly's point of error as follows:

We reject Eberly's argument that he is qualified for first-time drug offender status under HRS § 706-622.5, notwithstanding that he was a repeat drug offender, because he changed his pleas in both cases on the same day. See State v. Koch, 107 Hawaiʻi 215, 223-24, 112 P.3d 69, 77-78 (2005) (holding that defendant who committed multiple offenses of, *inter alia*, Promoting 3rd on separate occasions, 10 months apart, and who was charged and convicted in separate proceedings, was not a first-time drug offender within the meaning of HRS § 706-622.5 because he was sentenced in both cases on the same day; "[s]entencing Koch in succession on the same date did *not* transform the two separate adjudications of guilt into a single criminal offense, thereby rendering him a first-time drug offender"); see also State v. Rodrigues, 68 Haw. 124, 706 P.2d 1293 (1985). Accordingly, the Circuit Court reached the right result, albeit for another reason. See id. at 224, 112 P.3d at 78; see also State v. Propios, 76 Hawaiʻi 474, 486, 879 P.2d 1057, 1069 (1994) ("In any event, . . . the trial court reached the right result for the wrong reasons."); Lee v. Heftel, 81 Hawaiʻi 1, 2 n.2, 911 P.2d 721, 722 n.2 (1996); State v. Pinero, 75 Haw. 282, 290, 859 P.2d 1369, 1373 (1993) (all cited in Koch).

---

[2]     In 2009, HRS § 706-622.5(2) was amended in respects that are not relevant to this case.

For these reasons, the Circuit Court's February 2, 2010 Judgments are affirmed.

DATED: Honolulu, Hawai'i, May 10, 2012.

On the briefs:

Venetia K. Carpenter-Asui
for Defendant-Appellant/
Cross-Appellee

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
for Plaintiff-Appellee/
Cross-Appellant

Chief Judge

Associate Judge

Associate Judge